UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-20612-CR-SEITZ

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

TRAIAN BUJDUVEANU,

        Defendant.
_____/

## ORDER DENYING DEFENDANT BUJDUVEANU'S MOTION FOR SEVERANCE

THIS MATTER is before the Court on Defendant Bujduveanu's Motion for Severance [DE-77]. Defendant argues that severance of his trial, from that of Co-Defendant Hassan Keshari, is warranted under Fed. R. Crim. P. 8(b) and 14(a). For the reasons that follow, Defendant's Motion shall be denied.

As to Defendant's misjoinder argument, Rule 8(b) states that "two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). Thus, "Rule 8(b) ... makes clear that joinder of the defendants for trial is proper where the indictment charges multiple defendants with a single conspiracy and also charges some of the defendants with substantive counts arising out of the conspiracy." *United States v. Simon*, 839 F.2d 1461, 1472 (11th Cir. 1988). Here, joinder under Rule 8(b) is clearly proper as Defendants Bujduveanu and Keshari are jointly charged in the Indictment of a single conspiracy. *See United States v. Kopituk*, 690 F.2d 1289, 1313-14 (11th Cir. 1982); *see also United States v. Aiken*, 76 F. Supp. 2d 1346, 1351 (S.D. Fla. 1999) (alleged conspiracy was "common thread" between defendants).

Defendant next contends that severance is warranted under Fed. R. Crim. P. 14(a). Having said that, although joinder is clearly proper under Rule 8(b), a district court may order Rule 14 severance where (1) there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or (2) a joint trial would prevent the jury from making a reliable judgment about guilt or innocence. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993). However, the general rule in conspiracy cases, as in the present situation, is that "defendants

indicted together should be tried together." *United States v. Cassano*, 132 F.3d 646, 651 (11th Cir. 1998). Thus, in order to justify severance, a defendant must demonstrate "specific and compelling prejudice to the conduct of his or her defense ... resulting in fundamental unfairness." *U.S. v. Baker*, 432 F.3d 1189, 1236 (11th Cir. 2005) (quotations and citations omitted). Furthermore, a defendant does not incur compelling prejudice merely because he may be acquitted if he is tried separately or because much of the trial evidence is applicable to his co-defendants. *See id.* Finally, severance is only justified "if prejudice flowing from a joint trial is clearly beyond the curative powers of a cautionary instruction." *Id.* at 1237.

Here, Defendant argues that his Sixth Amendment Confrontation rights will be violated by Co-Defendant Keshari's incriminating statements. This argument is fatally flawed given Bujduveanu's failure to identify any specific statement made by Keshari, let alone one so prejudicial as to warrant the requested relief. *See U.S. v. Khoury*, 901 F.2d 948, 965 (11th Cir. 1990) (it is defendant who bears "heavy burden in demonstrating clear and compelling prejudice...") (citations omitted).

Next, Defendant argues that "a great deal of the evidence introduced by the Government at trial will be the kind that will be impossible for the jury to 'sever' Mr. Bujduveanu from his co-defendant, even with the requite instructions to do so." This argument, however, is similarly without merit as Defendant again fails to identify any "spillover" evidence, let alone evidence of a prejudicial nature. Furthermore, and most significantly, a curative instruction can resolve Defendant's concern should the issue arise at trial. *See Baker*, 432 F.3d 1236-1237 ("[s]everance is justified as a remedy only if the prejudice flowing from a joint trial is clearly beyond the curative power of such instructions."). Therefore, for the reasons stated above, it is hereby

ORDERED THAT Defendant Bujduveanu's Motion for Severance [DE-77] is DENIED.

DONE AND ORDERED in Miami, Florida, this 10th day of October, 2008.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record